PER CURIAM:
Claimant brought this action for damage to her vehicle after encountering an object on 1-68 in Monongalia County. Respondent was responsible at all times herein for the maintenance of 1-68. The Court is of the opinion to deny this claim for the reasons stated more fully below.
The incident giving rise to this claim occurred on February 23, 2002, at approximately 11:00 a.m. Claimant’s daughter was driving claimant’s 2001 Ford Taurus eastbound on 1-68 near the Pierpont Exit when the vehicle struck a piece of metal on the road. Claimant was the front seat passenger at the time of this incident. She testified that the piece of metal was roughly ten to twelve feet long and was lying across the road. Claimant estimated that her daughter was traveling approximately seventy miles per hour. She also testified that her daughter was unable to avoid hitting the piece of metal due to traffic surrounding her. The impact damaged the right rear tire. Claimant submitted into evidence a repair bill in the amount of $ 85.31.
Claimant contends that respondent knew or should have known that this piece of metal was on the road and that it should have taken adequate measures to remove this hazard.
Respondent asserts that it had no notice of this piece of metal on 1-68 and that it acted reasonably and diligently in this claim.
Roger Keith Jones, maintenance crew leader for respondent in Monongalia County, was responsible for the maintenance for this portion of 1-68. He is also responsible for keeping track of when equipment is used and where work is *293 performed. He testified that there was only one telephone call to respondent’s office concerning a piece of metal, and an employee was sent to the location. The debris had been removed from 1-68 prior to the employee reaching the scene of claimant’s accident.
It is well established that the respondent is neither an insurer nor a guarantor of the safety of motorists upon its roads. Adkins vs. Sims, 46 S.E.2d 81 (1947). The general rule is that for the respondent to be held liable for road hazards of this sort, the claimant must prove that the respondent had actual or constructive notice of the road defect and a reasonable amount of time to take corrective action. Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985), Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986).
The Court is of the opinion that claimant failed to establish by a preponderance of the evidence that respondent had notice of the debris on 1-68. While sympathetic to the claimant’s position, the Court cannot speculate as to the nature or origin of the object that was encountered. Therefore, in view of the foregoing, the Court is constrained by the evidence and the law to deny the claim.
Claim disallowed.